**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4718

FRANCIS BURT GARY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-96-949)

Submitted: May 19, 1998

Decided: June 22, 1998

Before LUTTIG and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lionel S. Lofton, Frances Cain-Lofton, LAW OFFICES OF LIONEL
S. LOFTON, Charleston, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Matthew R. Hubbell, Assistant United
States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Francis B. Gary, Jr., appeals the district court's enhancements of his base offense level and its denial of a downward adjustment for acceptance of responsibility under the United States Sentencing Guidelines. Finding no error, we affirm.

I.

The facts of this case are not in dispute. Gary was the sole District Adjudications Officer ("DAO") for the United States Immigration and Naturalization Service ("INS") in Charleston, South Carolina. As such, Gary would determine whether applicants for naturalization had satisfied the requirements for citizenship. To do so, Gary would interview the alien, administer a civics test, and gather other evidence necessary to determine eligibility for citizenship.

Agents of the Department of Justice, Office of Inspector General, received information that Gary was taking bribes from aliens who had applied for naturalization. An ensuing investigation revealed that Gary was accepting bribes from aliens in exchange for favorable treatment in connection with INS naturalization examinations.

Gary, along with six co-defendants, was charged in a sixteen count indictment. Gary pled guilty to conspiracy to bribe a public official and to obtain, contrary to law, the naturalization and citizenship of persons, in violation of 18 U.S.C. § 371 (1994), and accepting a bribe with the intent of being influenced in the performance of official acts, in violation of 18 U.S.C. § 201(b)(2) (1994). At sentencing, the district court enhanced Gary's base offense level by eight under U.S.S.G. § 2C1.1(b)(2)(B) (1997); increased Gary's base offense level by three under U.S.S.G. § 3B1.1(b) (1997); and refused to adjust Gary's base

2

offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) (1997). This appeal followed.

II.

The district court enhanced Gary's base offense level pursuant to U.S.S.G. § 2C1.1(b)(2)(B), which states, in relevant part, that:

> If the offense involved a payment for the purpose of influencing an elected official or any official holding a high-level decision-making or sensitive position, increase by <u>8</u> levels.

Gary contends that he was not an "official holding a high-level decision-making or sensitive position."[1] In support of this argument, Gary asserts that he did not possess final decision making authority on petitions for naturalization. He notes that his supervisors made the ultimate determinations on such petitions.

We find that Gary's position as the sole adjudicator for the INS in South Carolina is covered by U.S.S.G. § 2C1.1(b)(2)(B). As Gary's title denotes, he was an adjudicator--he had the authority to subpoena witnesses, procure testimony, analyze the credibility of witnesses, and judge their moral character, language ability, and familiarity with civics.[2] Application note one to § 2C1.1(b)(2)(B) provides that an "official holding a high-level decision-making or sensitive position" includes "prosecuting attorneys, judges, agency administrators, supervisory law enforcement officers, and other governmental officials with similar levels of responsibility."[3] In addition, Gary held a "sensitive position." As DAO, he was given access to classified and sensitive information from law enforcement agencies. [4] Such information included classified INS and FBI files, as well as access into various data bases within the INS, the Drug Enforcement Administration, the United States Treasury, and United States Customs. [5] Accordingly, we

_____

[1] The government concedes that Gary was not an elected official.
[2] <u>See</u> J.A. at 78-79.
[3] U.S.S.G. § 2C1.1, comment. (n.1).
[4] <u>See</u> J.A. at 69-71.
[5] <u>See</u> Appellee's Br. at 7.

hold that the district court did not clearly err in enhancing Gary's base offense level pursuant to § 2C1.1(b)(2)(B). **6**

The district court enhanced Gary's base offense level by three under U.S.S.G. § 3B1.1(b) to reflect Gary's role as manager or supervisor of the bribery scheme. Gary contends that the Government failed to produce evidence showing that he exercised any control or otherwise supervised participants in the criminal conduct. We disagree.

Application note four directs a district court to consider a nonexhaustive list of factors when applying § 3B1.1, which include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.**7**

The Government presented ample evidence showing that Gary recruited others into the conspiracy and instructed them on how to advance the scheme. Such instructions included: (1) how to falsify naturalization applications; (2) how to arrange naturalization interviews with aliens in motels instead of Gary's INS office; and (3) how to set up post office boxes in furtherance of the scheme. Gary's control and authority over others was sufficient to support the application of the three-level enhancement, and accordingly, we hold that the district court did not clearly err in making this adjustment.

Finally, the district court determined that Gary did not qualify for a decrease in his base offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. Gary contends that his admission of guilt, combined with his cooperation with the Government and his guilty

---

**6** <u>See United States v. Blake</u>, 81 F.3d 498, 503 (4th Cir. 1996) (stating the standard of review).

**7** U.S.S.G. § 3B1.1, comment. (n.4).

4

plea, demonstrate that a downward adjustment for acceptance of responsibility was warranted. We disagree.

The Government proved, and Gary conceded, that he had obstructed the Government's investigation. Gary withheld information, lied about the scope of the bribery conspiracy, instructed a co-defendant to "disappear," and told another co-defendant to deny knowing him. Under such circumstances, a downward departure for acceptance of responsibility is inappropriate absent extraordinary circumstances.[8] A guilty plea alone does not create "extraordinary" circumstances warranting a finding of acceptance of responsibility despite obstruction of justice.[9] In addition, considering the extensive nature of Gary's obstruction of justice, and the fact that he did not plead guilty until after he had both failed a polygraph examination and withheld information, we cannot find error in the district court's determination.

III.

We affirm the district court's rulings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[8] Section 3E1.1, comment. (n.4), provides:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

[9] **See generally United States v. Melton**, 970 F.2d 1328, 1335 (4th Cir. 1992) (holding that district court did clearly err in refusing to award a downward adjustment for acceptance of responsibility even though defendant had entered a conditional plea of guilty).

5